LICHTENAUER, Assignee, *v.* CHENEY and others.

*(Circuit Court, D. Minnesota. September, 1881.)*

1. BANKRUPTCY—EQUITY PRACTICE—AMENDMENTS UNDER EQUITY RULE 29.
   Amendments, regularly made under equity rule 29, cannot be avoided by a motion to strike from the record, or set aside, the order allowing them.

2. EQUITY PLEADING.
   *Semble* that a bill to set aside a conveyance by the bankrupt, on the ground of fraud, is demurrable in the absence of any allegation that the fraud was discovered within the time prescribed by the statute.

*W. P. Warner* and *Hiram F. Stevens,* for complainant.

*J. B. & W. H. Sanborn,* for defendant bank.

NELSON, D. J. On June 13, 1881, an order was obtained, on motion, giving the complainant leave to amend his bill on file in certain respects; among others, so as to make the Exchange Bank of Canada a party defendant. The order was granted under equity rule 29, the first paragraph of which reads: "After an answer, plea, or demurrer is put in, and before replication, the plaintiff may, upon motion or petition, *without notice*, obtain an order from any judge of the court to amend his bill of complaint on or before the next ruleday," etc.

The bill was regularly amended by the complainant within the time specified, and the amendments served as the order provided. A motion is now made by the solicitors, who appear for the Exchange Bank of Canada, to strike from the record the order, or set it aside, so as to get rid of the amendments. The bill, being properly amended, according to the equity practice must stand, and the defendants are required to answer, file a plea, or demur thereto.

It is not possible to get rid of the amendments regularly made by a motion to have the order under rule 29 set aside. The complainant is entitled under this rule to thus amend his bill of complaint, and the motion must be denied.

This decision does not meet the question which is urged upon the court by the defendant's solicitor, viz.: that suit against the bank is barred by the limitation in the last clause of section 5057, Rev. St., (section 2, bankrupt act.)

If a demurrer is interposed, the bill as now framed against the bank would be dismissed for the reason that conceding every statement in the amendment true with reference to a secret fraud of the Exchange Bank of Canada, there is no allegation that it was discovered within the time allowed by the statute of limitations to avoid the bar.

The solicitors for the complainant urge that the allegation that the bank "now claims some interest," etc., is sufficient, the amendment being allowed June 13, 1881; but *non constat* that the complainant only discovered the alleged fraud at that time.

If the complainant amends his bill in this respect, and a demurrer is interposed, I will hear further argument, if desired, on the bar of the statute.